Appeal No. 2014-1382
(Serial No. 11/517,533)

_____

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

**IN RE KHAYRALLAH**

_____

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board.

_____


_____

**REPLY BRIEF FOR APPELLANT**
_____


David E. Bennett
Principal Counsel

Letao Qin
Co-counsel

COATS & BENNETT, P.L.L.C.
1400 Crescent Green, Suite 300
Cary, NC   27518
Telephone:  (919) 854-1844
Facsimile:   (919) 854-2084

Counsels for Appellant

September 17, 2014

## Certificate of Interest

Counsel for Appellant, David E. Bennett, certifies the following:

1. The full name of every party or amicus presented by me is:

   Ali S. Khayrallah

2. The name of the real party in interest represented by me is:

   Telefonaktiebolaget LM Ericsson

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae presented by me are:

   None

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

   Coats & Bennett, PLLC
   Stephen A. Herrera
   George W. Alexander
   Letao Qin

# **Table of Contents**

**Certificate of Interest**........................................................................................**i**

**Table of Contents** ............................................................................. **ii**

**Table of Authorities** ....................................................................... **iii**

**I.        Introduction** ........................................................................**1**

**II.       Argument** ............................................................................**2**

**III.     Conclusion**..........................................................................**8**

**Proof of Service**

**Certificate of Compliance**

# **Table of Authorities**

**Cases**

*Phillips v. AWH Corp.,*
        415 F.3d 1303 (Fed. Cir. 2005).………..…………………………………..2, 7

*In re Fout,*
         675 F.2d 297(CCPA, 1982)…………………………………………………..2

*Envirco Corp. v. Clestra Cleanroom, Inc.,*
        209 F.3d 1360 (Fed. Cir. 2000) …………………………………………….5

*Virtronics v. Conceptronic, Inc.,*
        90 F.3d 1576 (Fed. Cir. 1996) …………………………………………..7

# I.    Introduction

The Board committed a reversible error when the Board improperly construed independent claims 1 and 20. Because the Board's anticipation and obviousness rejections of claims 1 and 20 are based on improper claim construction, the rejections should be reversed.

When construing claim 1 (and claim 20), the Board alleges that the recitation of "to receive one or more signals of interest on a first sub-signal of the wideband signal" merely represents a statement of intended use of the antenna, and therefore does not limit the claim. A8. The Board then construed the limitation of "selectively assigning a first antenna to receive" to mean "selectively assigning a first antenna that is capable of receiving" one or more signals of interest on a first sub-signal of the wideband signal. A8. After finding that the antennas in Tehrani are capable of receiving two impaired versions of a same signal, the Board concluded that Tehrani discloses all limitations of claim 1. A9. The Board applied the same claim construction to claim 20 and maintained the anticipation rejection of claim 20 over Tehrani. The Board also maintained the obviousness rejections of claims 1 and 20 and the rejections of pending claims 2-11, 16-19, 21-30, and 35-39 based on the anticipation rejections of claims 1 and 20. A9.

1

The Board's claim constructions of claims 1 and 20 are inconsistent with the Specification. The Board's Decision is inconsistent with this Court's previous holdings.

## II.    Argument

### A.    The Board misconstrued claims 1 and 20.

Claims must always be read in light of the specification. *Phillips v. AWH Corp.,* 415 F.3d 1303, 1315 (Fed. Cir. 2005), citing *In re Fout,* 675 F.2d 297, 300 (CCPA, 1982). Claims 1 and 20 are related to a variable bandwidth receiver having multiple antennas. A24 at ¶[001]. The specification describes that the variable bandwidth receiver may be configured to receive a single wideband signal on all antennas, or to receive multiple sub-signals of the wideband signal on separate antennas. A25 at ¶[005]. The claimed receiver comprises an antenna selection circuit that connects antennas to selected receiver circuits to receive specific sub-signals of the wideband signal. A receiver circuit is also known as a front end circuit and is configured to process signals within a certain frequency band. The receiver also comprises a control unit that selects one or more antennas out of the multiple antennas and assigns the selected antennas to receive specific sub-signals of the wideband signal. The antenna selection circuit then connects

2

each of the selected antennas to the front end circuits configured to process the specific sub-signals the antenna is selected to receive.  A27 at ¶¶[018]-[019].

The "selectively assigning" steps in claims 1 and 20 are purposeful actions and are performed by a receiver to select antennas and to assign the selected antennas to receive specific sub-signals in a wideband signal.

The Board refused to give an ordinary meaning to the recitation of "selectively assigning" a first antenna "to receive one or more signals of interest on a first sub-signal of the wideband signal."  A8.  Instead, the Board interprets the "selectively assigning" step to mean "assigning a first antenna that is capable of receiving one or more signals of interest on a first sub-signal of the wideband signal."  *Id.*  After eviscerating the "selectively assigning" steps, the Board broadened the scope of claims 1 to encompass only the step of "receiving the wideband signal using two or more receive antennas."  *Id.*

In defending the Board's decision, Appellee argues that the broad language of the receiving step in claim 1 covers both the wideband mode where each antenna receives the entire wideband signal and the multi-carrier mode where each antenna receives a different portion of the wideband signal.  Brief for Appellee at 15.  Appellant does not disagree with the construction of the receiving step.  However, in addition to the receiving step, claim 1 recites two "selectively assigning steps" and a wherein clause that add additional limitations to the claims.

Giving broad construction to the receiving step does not mean that claim limitations in the "selectively assigning" steps and the wherein clause should be read out of the claim. To support a finding of anticipation, the additional limitations in the "selectively assigning" steps and wherein clause must be disclosed by the prior art reference.

While a diversity receiver as disclosed in Tehrani may perform the receiving step, the Board has failed to explain how the additional limitation of the "selectively assigning" steps and the wherein clause are met. Rather than explain how the selective assignment steps are performed, the Board simply reads the additional limitations recited in the "selectively assigning" steps and wherein clause out of the claim. A8.

Appellee further argues that the Board's claim construction is supported by the Specification. Brief for Appellee at 13. Appellee quotes paragraph [005] of the patent specification (the first sentence of the summary) which states that "[t]he present invention relates to a variable bandwidth receiver with multiple antennas that may be selectively configured based on channel conditions." *Id.* Appellee argues that "[t]his broad description of the invention in in no way limits the claim to only receiving sub-signals that have different bandwidths and overlap in the frequency domain." Brief for Appellee at 14.

Appellee's argument is clearly erroneous. The specification informs, but does not control, claim construction. Rather, the claim language itself governs the meaning of the claim. *Envirco Corp. v. Clestra Cleanroom Inc.,* 209 F.3d 1360, 1365 (Fed. Cir. 2000). The patent specification discloses several embodiments of wideband receiver for receiving a wideband signal on multiple antennas. A23-A49. There is no requirement that claims cover all of the embodiments disclosed by the patent specification. It is inappropriate to rely on broad language in the patent specification to remove limitations of the claims. To the extent the broad language of the specification is contradicted by narrower claim language, the claim language controls.

It should also be noted that the prosecution history contradicts Appellee's arguments and supports Appellant's position. During prosecution, Appellant amended claims 1 and 20 to add the "wherein" clause, which recites that the first and second sub-signals have different bandwidths and overlap in the frequency domain. A103. Appellant intended this amendment to limit claims 1 and 20 to a receiver capable of operating in a multi-carrier mode. This mode is shown in Fig. 4 of the specification, which shows a first antenna (antenna 3) assigned to receive sub-signal C and a second antenna (antenna 4) assigned to receive sub-signal C+D. A38.

To interpret claims 1 and 20 to read on a diversity receiver with no capability to selectively assign the antennas to receive specific sub-signals is unreasonable in light of the specification and the prosecution history.

**B.     The Board's anticipation rejections of claims 1 and 20 over Tehrani are based on the misconstrued claims.**

After construing that claims 1 and 20 require "selectively assigning an antenna that is capable of receiving a sub-signal," the Board concludes that Tehrani discloses this limitation. A9.

Appellant did not dispute the Board's finding that a diversity receiver as disclosed by Tehrani may possibly receive signals of varying bandwidth due to unintended nulls at the edges of the signal bandwidth. This finding is immaterial and the arguments based on this finding misses the point. The proper inquiry is whether Tehrani discloses front-end circuits that are configured for processing different sub-signals in a wideband signal and whether the antennas can be selectively connected to those front-end circuits to receive different sub-signals. Tehrani discloses neither. In Tehrani, the connection between an antenna and a front-end circuit is fixed and each antenna is assigned to receive the entire wideband signal. A353, A358-9, A365-A376.

Although, in Tehrani, the wideband signal received by an antenna may be impaired during propagation, the impaired signal is not a sub-signal as recited in

6

the claims and defined in the Specification.  A26 at ¶[017], A2.  This Court in

*Phillips v. AWH Corp.,* 415 F.3d 1303, 1315 (Fed. Cir. 2005) holds that claims

"must be read in view of the specification, of which they are a part. As we stated in

*Vitronics*, the specification is always highly relevant to the claim construction

analysis.  Usually, it is dispositive; it is the single best guide to the meaning of a

disputed term." *Id.*, citing *Vitronics v. Conceptronic, Inc.,* 90 F.3d 1576 at 1582

(Fed. Cir. 1996).  The examiner's construction that an impaired version of a signal

is a sub-signal is against the claim construction cannon set forth in *Phillips v.*

*AWH.  See id.*  The specification provides a clear description and a number of

examples of sub-signals, which provides the best guide to the meaning of "sub-

signal."  A26 at ¶[017], A27-A42.  A wideband signal, impaired during

propagation and containing accidental nulls on the edges of the wideband signal, is

not a sub-signal of the original wideband signal.  The examiner's construction of

the claim term "sub-signal" is inconsistent with the specification.

### C.    Summary.

The Board has committed a reversible error by not giving any patentable

weight to the recitation of "to receiver one or more signals of interest in a first sub-

signal of the wideband signal."  The "selectively assigning" step as construed by

the Board is bereft of meaning and purpose.  The recitation of "selectively

assigning an antenna that is capable of receiving a sub-signal in a wideband signal"

is a dangling phrase, devoid of function.  The Board's claim construction of claims

1 and 20 is clearly erroneous.  Consequently, the Board's rejections of all pending

claims based on the erroneous claim construction are erroneous as well.

## III.    Conclusion

For the reasons stated above, the Board's Decision on Appeal should be

reversed.

Respectfully submitted,

September 17, 2014

/s/ David E. Bennett
David E. Bennett
Principal Counsel

Letao Qin
Co-counsel

COATS & BENNETT, P.L.L.C.
1400 Crescent Green, Suite 300
Cary, NC   27518
Telephone:  (919) 854-1844
Facsimile:   (919) 854-2084

Counsels for Appellant

## **Proof of Service**

The undersigned hereby certifies that the foregoing has been electronically

filed on this 17th day of September, 2014 with the Clerk of Court using the

CM/ECF System, which will send notice to all counsels representing the Appellee,

as follows:

      Nathan K. Kelley

      Michael S. Forman

      Stacy B. Margolies

      Office of the Solicitor
      U.S. Patent and Trademark Office
      Mail Stop 8
      P.O. Box 1450
      Alexandria, VA 22313-1450
      571-272-9035

                               */s/ Martha L. Blackman-Hughes*
                               Martha L. Blackman-Hughes
                               Coats & Bennett, PLLC
                               1400 Crescent Green, Suite 300
                               Cary, NC 27518

## **Certificate of Compliance**

With Type-Volume Limitation, Typeface Requirements, And Type Style
Requirements

1.  This brief complies with the type-volume limitation of Fed. R. Appl. P.
    32(a)(7)(B) because:

    this brief contains 1642 words, excluding the parts of the brief
    exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  The brief complies with the typeface requirements of Fed. R. App. P.
    32(a)(5) and the type style requirements of Fed. R. App. R. 32(a)(6)
    because:

    this brief has been prepared using Microsoft Word in 14 Point Times
    New Roman.


                                              */s/ David E. Bennett*
                                              David E. Bennett


September 17, 2014